UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JARRETH JOSEPH, LANCE GIBBONS, EMMANUELLA
PIERRE-TOUSSAINT, and ANDREAUS TATUM

                                         Plaintiffs,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER OSCAR
ALVAREZ PACHECO (Shield 15601), POLICE OFFICER
SEAN RUANE (Shield 7138), POLICE OFFICERS
McDONALD and DAVIDSON, and POLICE OFFICERS
and SUPERVISORS JOHN and JANE DOES 1-10,

                                     Defendants.
-----------------------------------------------------------------X

13 CV

COMPLAINT

JURY TRIAL DEMANDED

1:13-cv-05448(ILG)(SMG)

Plaintiffs, by their attorney, Joel Berger, Esq., for their complaint allege, upon information and belief, as follows:

## *NATURE OF THE ACTION*

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution and laws of the United States and the State of New York, including an illegal and unjustified use of mace or pepper spray, by employees of the New York City Police Department (NYPD).

## *JURISDICTION AND VENUE*

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### *PENDENT JURISDICTION*

5. This Court also has jurisdiction over plaintiffs' state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On August 22, 2013, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e. An Amended Notice of Claim was duly served on August 29, 2013.

7. At least thirty days have elapsed since the service of the original Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### *JURY DEMAND*

9. Plaintiffs demand trial by jury in this action.

### *PARTIES*

10. Plaintiffs are all African-Americans, citizens of the United States and residents of the State of New York.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

12. Defendant City of New York operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers.

13. At all times relevant herein, defendant Oscar Alvarez Pacheco, Shield 15601, was a

police officer employed by the NYPD, assigned to the Patrol Borough Brooklyn South.

14. At all times relevant herein, defendant Sean Ruane, Shield 7138, was a police officer employed by the NYPD, assigned to the Patrol Borough Brooklyn South.

15. At all times relevant herein, defendant McDonald was a male police officer assigned to either Patrol Borough Brooklyn South or the 67th precinct. Plaintiffs do not know defendant McDonald's first name or shield number at this time.

16. At all times relevant herein, defendant Davidson was a female police officer assigned to either Patrol Borough Brooklyn South or the 67th precinct. Plaintiffs do not know defendant Davidson's first name or shield number at this time.

17. At all times relevant herein, defendants John and Jane Does 1-10 were police officers or supervisory police officers, employees of the NYPD, who authorized, ordered, participated in or were otherwise involved in the incident of this lawsuit.

18. Defendants John and Jane Does 1-10 did not identify themselves at the time of the incident, and plaintiffs do not know their real identities at this time.

19. At all times relevant herein, defendants John and Jane Does 1-10 were acting as agents, servants and employees of defendant City of New York and the NYPD.

20. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

21. On Sunday, July 28, 2013, at approximately 1:30 A.M., in the vicinity of Brooklyn and Snyder Avenues, Brooklyn, NY, defendants illegally and without any justification subjected plaintiffs to unnecessary and excessive force, *i.e.*, the use of mace or pepper spray, causing

3

substantial injury.[1]

22.     At the time of the Incident, plaintiffs were in Joseph's vehicle returning from a barbecue.

23.     The vehicle developed a flat tire and Joseph came to a stop.

24.     Joseph was then approached by a PO Sean Ruane, Shield 952193, of Patrol Borough Brooklyn South (headquartered within the 67th Precinct), one of two motorcycle officers, who told him that he had passed through a red light before stopping and asked for his driver's license.

25.     Joseph has not passed through a red light -- the last light he passed had been yellow before coming to a stop to check his flat tire

26.     Joseph politely complied with the officer's directive without any argument or protest whatsoever.

27.     Joseph's driver's license was valid and he was a duly licensed driver

28.     Joseph was the owner of the vehicle and had registration to prove his ownership, but Ruane asked only for the license and not the registration.

29.     There was nothing about the vehicle stop at that point justifying any more intensive police activity.

30.     For some reason unknown to plaintiffs, Ruane and/or the other motorcycle officer (one of the John Doe defendants herein), called for other officers to come to the scene.

31.     After approximately 10-15 minutes a paddy wagon and two police cars approached.

32.     Defendant Pacheco emerged from the paddy wagon and shined his flashlight into the back of the van.

---

[1] Plaintiffs will hereafter describe the substance sprayed as mace, although it's exact name is unknown to them.

4

33. At no time did Pacheco or any other officer speak any instructions to the driver or passengers.

34. Plaintiff Lance Gibbons was seated in the rear of the vehicle.

35. In an effort to assist the officer's visibility, opened the door to the van so that Pacheco could see inside.

36. Suddenly, for no lawful or legitimate reason whatsoever, Pacheco sprayed mace into the rear of the van.

37. The spray hit directly into Gibbons's face, causing severe pain.

38. The spray also severely affected the passenger next to Gibbons -- his girlfriend plaintiff Emmanuella Pierre-Toussaint -- the driver, plaintiff Joseph, and the passenger in front next to Joseph, plaintiff Andreaus Tatum.

39. Gibbons exited the vehicle in an effort to breathe,

40. Gibbons was immediately thrown to the ground and struck by numerous officers including defendants Pacheco and McDonald and some of the Doe defendants.

41. Gibbons was handcuffed, yet while he was handcuffed he was struck by several officers.

42. Gibbons did not resist in any manner.

43. Defendant Davidson, a female officer, kept telling Gibbons to stop resisting, as an excuse for the force being used, when in fact he was not resisting the officers.

44. Pacheco falsely arrested Gibbons and swore to a Criminal Court Complaint charging him with disorderly conduct, obstructing governmental administration and resisting arrest.

45. The charges were dismissed in court at approximately 5:00 P.M. on July 28, 2013.

46. At the 67th precinct the officers discovered that Gibbons had a warrant for a trivial matter -- an unanswered citation arising from an altercation with Pierre-Toussaint in which she had declined to press any charges -- but by then he had been in police custody illegally a considerable period of time.

47. Plaintiffs Joseph, Gibbons, Pierre-Toussaint and Tatum all required medical attention at Kings County Hospital for the acute eye injuries caused by the mace/pepper spray. Their pain lasted for several days.

48. Joseph, Pierre-Toussaint and Tatum were not arrested or charged with any offense.

49. Joseph was merely given a citation for allegedly disobeying a red light. He is contesting the summons.

50. Joseph, Pierre-Toussaint and Tatum have no criminal record whatsoever, and Gibbons only prior brush with the law was the trivial matter for which he had a warrant, for which he accepted a plea to two days community service when he got to court at approximately 5:00 P.M. on July 28, 2013.

51. Pierre-Toussaint, Gibbons and Tatum are all duly employed, and Joseph, although disabled with a slipped disc, works free-lance as an artist and painter.

52. Plaintiffs are all law-abiding citizens who were shocked by the treatment they received at the hands of out-of-control police officers.

### *FIRST CLAIM FOR RELIEF*

53. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-52.

54. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## *SECOND CLAIM FOR RELIEF*

55. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-52 and 54.

56. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

57. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

58. The official policies, practices and customs of the City of New York and the NYPD alleged in ¶¶ 1-35, 37 and 39-40 violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## *THIRD CLAIM FOR RELIEF*

59. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-52, 54, and 56-58.

60. The conduct toward all plaintiffs alleged herein constituted the unnecessary and excessive use of force, and the conduct toward plaintiff Gibbons constituted false arrest and false imprisonment.

61. The conduct toward plaintiffs alleged herein subjected them to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### FOURTH CLAIM FOR RELIEF

62. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-52, 54, 56-58, and 60-61.

63. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
October 1, 2013

JOEL BERGER
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JARRETH JOSEPH, LANCE GIBBONS, EMMANUELLA
PIERRE-TOUSSAINT, and ANDREAUS TATUM

                                                                        13 CV

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER OSCAR
ALVAREZ PACHECO (Shield 15601), POLICE OFFICER
SEAN RUANE (Shield 7138), POLICE OFFICERS
McDONALD and DAVIDSON, and POLICE OFFICERS
and SUPERVISORS JOHN and JANE DOES 1-10,

                Defendants.
-----------------------------------------------------------------------X

*COMPLAINT*

JOEL BERGER
360 LEXINGTON AVE., 16th Fl.
NEW YORK, NY 10017-6502
(212) 687-1425

ATTORNEY FOR PLAINTIFFS